575 So.2d 137 (1991)
Ex parte Timothy John YELDER.
(Re Timothy John Yelder v. State).
89-1540.
Supreme Court of Alabama.
January 11, 1991.
Arthur Parker and R.B. Jones, Birmingham, for petitioner.
Don Siegelman, Atty. Gen., and Beth Jackson Hughes, Asst. Atty. Gen., for respondent.
SHORES, Justice.
This petition for certiorari presents a case of first impression in Alabama. Yelder argues that he was denied effective assistance of counsel in that at his trial his lawyer did not object, under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the State's use of its peremptory challenges to strike 17 of 18 black jurors. The legal standard for determining claims of ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not *138 functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."
466 U.S. at 687, 104 S.Ct. at 2064. See, also, Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987). As to the first part of the Strickland test, the standard for attorney performance is an objective one, that is, "reasonableness under prevailing norms," 466 U.S. at 688, 104 S.Ct. at 2065, and "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." 466 U.S. at 692, 104 S.Ct. at 2067. In cases involving denial of assistance of counsel, counsel's conflict of interest, or state interference with counsel's assistance, prejudice will be presumed, id., but in all other cases, prejudice must be "affirmatively" proved. 466 U.S. at 693, 104 S.Ct. at 2067. The standard for determining prejudice is also set forth in Strickland:
"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.... In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury."
466 U.S. at 694, 695, 104 S.Ct. at 2068.
Yelder argues that an additional category under the "presumed prejudice" exception should be created: failure of trial counsel to make a timely Batson objection when a prima facie case exists of purposeful discrimination by the State in the jury selection process. In order to protect and preserve the holding of Batson (that ["p]urposeful racial discrimination in selection of the venire violates a defendant's right to equal protection," 476 U.S. at 86, 106 S.Ct. at 1717) and to bolster public confidence in the fairness of our system of justice, 476 U.S. at 87, 106 S.Ct. at 1718, we agree with Judge Bowen's dissent that it is necessary to create the suggested additional category under the "presumed prejudice" exception of Strickland. Accordingly, we reverse that portion of the judgment of the Court of Criminal Appeals that addresses the issue of effective assistance of counsel, and we remand the case to the Court of Criminal Appeals with directions to remand it to the trial court for a hearing on the Batson question.

Facts
Timothy John Yelder was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975; burglary in the first degree, a violation of § 13A-7-5; and robbery in the first degree, a violation of § 13A-8-41. At the sentencing hearing, the trial court sentenced Yelder to life imprisonment on the rape charge, 25 years' imprisonment on the burglary charge, and 50 years' imprisonment on the robbery charge.
Yelder moved for a new trial and later amended his motion to include the ineffective assistance of counsel argument now before us. The trial court held a hearing to consider Yelder's motion and denied it. Yelder appealed to the Court of Criminal Appeals, which affirmed his convictions. See Yelder v. State, 575 So.2d 131 (Ala.Cr. App.1990). We granted Yelder's petition for writ of certiorari.

The Strickland Test and Presumed Prejudice
In his dissent, Judge Bowen correctly noted that the Strickland test for prejudice, excluding those instances of presumed prejudice, is outcome-determinative in nature; that is, it must appear that, absent the lawyer's error, there is a reasonable probability that the result of the trial *139 would have been different. Judge Bowen correctly states that such an outcome-determinative test "is simply not the proper criterion for measuring prejudice in the context of a Batson error," and he says, "Applying this measure of prejudice to a Batson error would be, in effect, requiring the appellant to prove that, had blacks not been unfairly removed from his jury, the factfinder might have acquitted him!" 575 So.2d 131 (Bowen, J., dissenting).
It is the assumption cited by Judge Bowen that Batson was designed to combat:
"Just as the Equal Protection Clause forbids the States to exclude black persons from the venire on the assumption that blacks as a group are unqualified to serve as jurors [citation omitted], so it forbids the States to strike black veniremen on the assumption that they will be biased in a particular case simply because the defendant is black. The core guarantee of equal protection, ensuring citizens that their State will not discriminate on account of race, would be meaningless were we to approve the exclusion of jurors on the basis of such assumptions, which arise solely from the jurors' race."
476 U.S. at 97-98, 106 S.Ct. at 23-24. If an outcome-determinative test is used, then no black appellant could prove prejudice unless he relied on the very assumption that Batson condemns.
In Batson, the Court noted the importance of maintaining fairness within our system of justice so as not to undermine public confidence. In Ex parte Jackson, 516 So.2d 768 (Ala.1986), we required the retroactive application of Batson. In doing so, we noted, "Although we know that the United States Supreme Court has not yet ruled on whether Batson v. Kentucky is to be applied retroactively, this Court does not need to await revelation from the federal judiciary...." 516 So.2d at 772. Strickland was decided two years before Batson, so it did not anticipate claims of alleged ineffectiveness in the context of the Batson issue. Had Strickland anticipated that issue, we are certain it would have included that issue as one of those in regard to which prejudice is presumed. We need not await enlargement of Strickland by the federal courts to hold that prejudice is presumed where Batson violations are established in the context of a charge of ineffective counsel.

Conclusion
We adopt the dissenting opinion of Judge Bowen and hold that the failure of trial counsel to make a timely Batson objection to a prima facie case of purposeful discrimination by the State in the jury selection process through its use of peremptory challenges is presumptively prejudicial to a defendant. Accordingly, we reverse the judgment of the Court of Criminal Appeals to the extent that it holds to the contrary, and we affirm the other aspects of the judgment, and we remand the case with directions to remand it to the trial court for a Batson hearing.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and JONES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I agree with the majority opinion of the Court of Criminal Appeals, Yelder v. State, 575 So.2d 131 (Ala.Crim.App.1990); therefore, I must dissent.