PATTERSON, Presiding Judge.
The appellant, Louis Winchester, Jr., appeals from the trial court’s dismissal of his A.R.Cr.P. Temp. 20 petition wherein he contested the validity of his 1989 conviction for first degree robbery and his resulting life sentence. He asserted the claim of ineffective assistance of trial counsel for counsel’s failure to object, under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the prosecutor’s using all of his strikes to strike all 13 blacks from the jury venire and counsel’s failure to challenge the make-up of the all-white grand jury.
On appeal, appellant contends that the trial court abused its discretion in denying, without an evidentiary hearing, his claim that trial counsel was ineffective for failing to object to the prosecutor’s striking all black venirepersons from the jury. This cause is remanded by the authority of Ex parte Yelder, 575 So.2d 137 (Ala.1991), wherein our supreme court carved out an exception to the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requirement that prejudice be affirmatively proved by holding that “the failure of trial counsel to *750 make a timely Batson objection to a prima facie case of purposeful discrimination by the State in the jury selection process through its use of peremptory challenges is presumptively prejudicial to a defendant”, 575 So.2d at 138. Contrary to the attorney general’s assertion, Winchester’s allegation of ineffective counsel is not precluded oii the grounds that it was raised or addressed at trial or on appeal or that it could have been raised but was not raised at trial or on appeal, Rule 20.2(a)(2)-(5). (We note, also, that this position presents an inherent conflict: was it or was it not raised or addressed?) Moreover, we reject the attorney general’s argument that Winchester’s claim is not sufficiently specific.
Accordingly, this case is remanded with the directions to the trial court to hold a hearing on the allegations of appellant’s petition. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 90 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON RETURN TO REMAND
PATTERSON, Presiding Judge.
We remanded this case to the trial court with instructions to grant the appellant, Louis Winchester, Jr., an evidentiary hearing on his petition seeking post-conviction relief wherein he alleged that his counsel was constitutionally ineffective for failing to object to the striking of black jurors by the state in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court has complied with our instructions and has filed a return to our remand.
Upon conclusion of the evidentiary hearing, the trial court found that the appellant had not met his burden of proof and denied his petition. Contrary to the appellant’s allegations in his petition, the trial court found that the “strike list” from which the trial jury was selected contained five black venirepersons; that the state exercised its peremptory strikes to remove two of the blacks; and that three of the blacks remained on the jury that tried and convicted the appellant. While the trial court did not feel that a prima facie showing of racially discriminatory strikes could be made under the circumstances, it nevertheless allowed the state to give its reasons for striking the two blacks. The prosecutor stated that one black was struck because of “having been prosecuted on prior occasions by the assistant district attorney who handled this case,” and the other black was struck “because he came to court intoxicated.”
The evidence supports the finding of the trial court that the appellant failed to prove the allegations of his petition. The denial of the petition was proper. The judgment of the trial court is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.