The appellant, Louis Winchester, Jr., appeals from the trial court's dismissal of his A.R.Cr.P. Temp. 20 petition wherein he contested the validity of his 1989 conviction for first degree robbery and his resulting life sentence. He asserted the claim of ineffective assistance of trial counsel for counsel's failure to object, under Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the prosecutor's using all of his strikes to strike all 13 blacks from the jury venire and counsel's failure to challenge the make-up of the all-white grand jury.
On appeal, appellant contends that the trial court abused its discretion in denying, without an evidentiary hearing, his claim that trial counsel was ineffective for failing to object to the prosecutor's striking all black venirepersons from the jury. This cause is remanded by the authority of Ex parteYelder, 575 So.2d 137 (Ala. 1991), wherein our supreme court carved out an exception to the Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requirement that prejudice be affirmatively proved by holding that "the failure of trial counsel to *Page 750 
make a timely Batson objection to a prima facie case of purposeful discrimination by the State in the jury selection process through its use of peremptory challenges is presumptively prejudicial to a defendant", 575 So.2d at 138. Contrary to the attorney general's assertion, Winchester's allegation of ineffective counsel is not precluded on the grounds that it was raised or addressed at trial or on appeal or that it could have been raised but was not raised at trial or on appeal, Rule 20.2(a)(2)-(5). (We note, also, that this position presents an inherent conflict: was it or was it not raised or addressed?) Moreover, we reject the attorney general's argument that Winchester's claim is not sufficiently specific.
Accordingly, this case is remanded with the directions to the trial court to hold a hearing on the allegations of appellant's petition. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 90 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.
 ON RETURN TO REMAND