ON APPLICATION FOR REHEARING
TYSON, Judge.
On December 30, 1990, 575 So.2d 1253, this court affirmed this cause with a memorandum order which stated:
“Affirmed. No Opinion. A careful review of this record and supplemental record shows that each of the four issues asserted by the appellant lacks legal merit.
“All the Judges concur.”
Prior to that action by this court, the following memorandum was circulated to this court and was unanimously approved without opinion:
“TO: Judges, Court of Criminal Appeals
“FROM: Judge Tyson
“FOR: Conference of December 11, 1990
“RE: Albert Dean Graham v. State, 7 Div. 235
“Appeal from Talladega Circuit Court
“Albert Dean Graham was indicted for unlawfully selling cocaine, in violation of § 13A-12-211, Code of Alabama 1975. The jury found the appellant ‘guilty as charged in the indictment.’ Appellant was sentenced to life in prison under the Habitual Felony Offender Act.
“The State first attempted to try this case on February 2, 1989. However, during the testimony of the first witness, Officer Littlepage, it appeared that the crime occurred on October 27, 1988. The State, during information discovery to appellant’s counsel, had given October 2, 1988, as the date of the offense. Appellant’s counsel informed the court that he had prepared a defense based on the date, October 2, 1988, and was not prepared to defend on October 27 as the date in question. Appellant *377 moved for a dismissal. This motion was denied. Appellant then moved for a mistrial which was granted.
“Appellant’s second trial was held on February 29, 1989, from which this appeal follows.
“Officer Fred Littlepage, who worked as an undercover agent in Talladega County, testified that he bought crack cocaine from the appellant.
“On October 27, 1988, Officer Littlepage was at the Oak Tree Lounge with Michael Stoner, an informant. The appellant with Lawanda Jackson came around to the back of the club. The appellant asked Little-page what he needed. Littlepage said he wanted a rock. The appellant said it would cost $25. Officer Littlepage gave appellant a $20 and a $5 bill and appellant gave Officer Littlepage some crack.
“Officer Littlepage turned the rock over to investigator Tom Bowerman, with the Talladega Police Department. Investigator Bowerman placed the rock, which was already in a small ‘zip loc’ bag into a larger bag and sealed it with evidence tape. He then placed it in his desk drawer at the drug unit office. It remained in Investigator Bowerman’s drawer until he took it to the Forensic Laboratory in Jacksonville and turned it over to Ron Hubbard.
“Mr. Hubbard, a criminalist with the Alabama Department of Forensic Sciences in Jacksonville, testified that the substance he removed from the evidence bag contained cocaine base.
“Investigator Johnny T. Ledbetter, employed with the Talladega County Sheriff’s Office, testified that he went and picked up the rock from the crime lab in Jacksonville. The rock was brought to the Sheriff’s Department and turned over to Mike Martin in the special duty unit.
“Mike Martin testified that, when he received the evidence from Investigator Led-better, he locked it up in a vault. The evidence remained in the vault until Mr. Martin turned it over to Lynda McDon-ough, the court reporter, in open court.
“Lynda McDonough testified that when she received the evidence from Mr. Martin, she took it to her office and locked it in a filing cabinet. The evidence remained in the locked cabinet until the day of the trial.
“Lawanda Jackson was called as a witness for the appellant. She testified that she spent the entire evening with the appellant and never saw him give Officer Little-page anything. She admitted to having pled guilty on February 2, 1989, to selling cocaine, but during this testimony she denied having ever sold cocaine.
I
“The appellant first contends that his right not to be placed in jeopardy twice for the same offense was violated when he was retried following a mistrial in his first trial. During the first trial, it was discovered that the State, during informal pretrial discovery, informed appellant that October 2, 1988 was the date of the offense when actually the offense at issue occurred on October 27, 1988. Appellant’s counsel moved for a mistrial based on the State’s failure to notify the appellant of the correct date of the offense. The trial judge granted appellant’s motion.
“In Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), it was held that:
“ ‘[T]he circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.’ 456 U.S. at 679, 102 S.Ct. at 2091.
“In reviewing the facts the State’s conduct is not of the kind that would be intended to provoke the appellant into moving for a mistrial. The wrong date given the appellant was taken from the district attorney’s file label where the ‘7’ had been left off of the October 27 date. The prosecutor did not intend to mislead and therefore to cause the appellant to move for a mistrial.
II
“The appellant’s second contention is that the trial court committed error in ad *378 mitting State’s exhibit 1. Specifically, he contends that the exhibit was not correctly admitted because the correct chain of custody was not established. There was no objection to the admission of this evidence, thus, the issue was not preserved for review. However, the appellant in his pro se brief argues that counsel was ineffective for failing to object; therefore, we will address the merits.
“The record reveals that the State clearly established the chain of custody of State’s exhibit 1, a ‘baggie’ containing rock cocaine. Officer Littlepage purchased the cocaine from the appellant. Officer Little-page turned the cocaine over to Investigator Tom Bowerman. Investigator Bower-man placed the bag into a larger bag and sealed it with evidence tape and placed it in his desk drawer. Then Investigator Bow-erman took it to the Forensic Laboratory in Jacksonville and turned it over to Ron Hubbard.
“The cocaine was then picked up from the crime lab and brought to the sheriff’s department and turned over to Mike Martin. Mike Martin testified that he locked it up in a vault. The evidence remained in the vault until Mr. Martin turned it over to Lynda McDonough, the court reporter in open court.
“Lynda McDonough testified that when she received the evidence from Mike Martin she took it to her office and locked it in a filing cabinet. The evidence remained in the locked cabinet until the day of trial.
“To establish a chain of custody one must show a reasonable probability that the evidence has not been tampered with or altered. Sommer v. State, 489 So.2d 643, 645 (Ala.Cr.App.1986); Cross v. State, 536 So.2d 155, 159 (Ala.Cr.App.1988).
“Furthermore, it is well settled that the chain of custody need not be proven to an absolute certainty; a reasonable probability is sufficient. Smith v. State, 513 So.2d 1036, 1043 (Ala.Cr.App.1987); Cross v. State, 536 So.2d 155, 159 (Ala.Cr.App.1988).
“There is sufficient evidence to prove the evidence was not tampered with or altered. The appellant’s contention is without merit. Had there been an objection, it would have been duly overruled.
III
“The appellant next contends the State failed to prove a prima facie case and therefore the motion to exclude the State’s evidence should have been granted. The appellant alleges the State failed to prove the sale of cocaine was not ‘authorized’ by law.
“Section 13A-12-211, Code of Alabama 1975, reads:
“ ‘A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells ... or distributes a controlled substance enumerated in Schedules I through V.’
“This Court, in Dickerson v. State, 414 So.2d 998, 1002 (Ala.Cr.App.1982), stated that:
“ ‘It is well established that the burden is upon the appellant to establish and bring himself within any exclusion which is found not in the enacting clause defining a crime but rather in a subsequent clause or statute.’ Dickerson, at 1002.
“The legal exclusion or methods by which cocaine may be sold or authorized by law are not set out in the enacting clause. Therefore, it is up to the appellant to establish the exclusion and prove he falls within it. The motion to exclude was properly denied.
IV
“Appellant contends that his counsel was ineffective. Appellant claims that he failed to interview defense witness Lawanda Jackson before trial; failed to make a timely Batson objection; * failed to file a mo *379 tion for an independent drug test and failed to object to improper jury argument.
“A review of the record reveals that neither of the appellant’s claims would overcome the requirement of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that ‘but for counsel’s alleged professional error the result of the proceeding would have been different.’
“The appellant’s witness, Lawanda Jackson, testified favorably for the appellant. Secondly, the appellant failed to present any evidence in his motion for a new trial which might establish that his motion should have been granted. Furthermore, the appellant fails to indicate that a drug test by any other laboratory would have reached a different result.
“A review of the record reveals appellant was not denied effective assistance of counsel.
“I recommend the judgment of the trial court is due to be affirmed without opinion.
“RECOMMENDED DECISION: AFFIRMED. NO OPINION.
“COMMENTS:
[None]”
Because of the motion filed in this court under Rule 39(k), A.R.App.P., and the urgent request of counsel, the foregoing is adopted as and for the opinion of this court. The application for rehearing and the motion under Rule 39(k) are denied.
MOTION DENIED; APPLICATION OVERRULED; OPINION ISSUED; AFFIRMED.
All the Judges concur.

 In an abundance of precaution, we have examined the jury venire strike list (R. 13-14) and find that there was no prima facie discrimination of the jurors selected to serve on this appellant’s jury. Hence, there is no basis for remanding this cause for a hearing on this matter. See Ex parte Yelder, 575 So.2d 137 (Ala.1991). This court recognizes that under Yelder, supra, a different standard applies.