PATTERSON, Presiding Judge.
W. A. Taylor was convicted of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975, and was sentenced to six years’ imprisonment. He appeals, raising three issues. Because of our disposition of this case, we find it necessary to address only one of these issues.
Taylor contends that counsel who assisted him in striking the jury failed to present a motion under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), attacking the state’s use of its peremptory challenges, and, therefore, that that counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Taylor, who did not have the assistance of counsel when this case was called for trial, refused to participate in the striking of the jury.[1] At that time, he stated:
“I’m not waiving anything because I’m not a lawyer. I do not understand the legal terminology.” Thereafter, the trial court appointed Harold Odom, a member of the local bar, “for the sole purpose and special purpose of striking for the defendant.” The court further stated that Odom’s “only participation in this case would be to make the strikes for the defendant at this time.” It is apparent from the record that, after Odom assisted Taylor in striking the jury, Odom did not participate further in this case. It is also apparent that Taylor represented himself for the remainder of the trial. Our examination of the record reveals that the state used 8 of its 9 peremptory challenges to remove all of the black venirepersons. One of the black venireper-sons who was struck by the state served as the second alternate. Because the alternate jurors were not needed for deliberations, the jury that heard and ultimately decided this case was composed of 12 white individuals.
After Taylor was convicted, but before sentencing, he retained counsel. Through this counsel, Taylor filed a motion for a new trial, wherein he contended that he was denied the effective assistance of counsel, because of Odom’s failure to present a Batson motion.[2] The trial court denied this motion. Accordingly, this issue is properly preserved for our review.
The Alabama Supreme Court recently held “that the failure of trial counsel to make a timely Batson objection to a prima facie case of purposeful discrimina *1058 tion by the State in the jury selection process through its use of peremptory challenges is presumptively prejudicial to a defendant.” Ex parte Yelder, 575 So.2d 137, 139 (Ala.1990), cert. denied, — U.S. -, 112 S.Ct. 273, 116 L.Ed.2d 225 (1991) (emphasis added). The supreme court explained its decision as follows:
“[The appellant] argues that an additional category under the ‘presumed prejudice’ exception should be created: failure of trial counsel to make a timely Batson objection when a prima facie case exists of purposeful discrimination by the State in the jury selection process. In order to protect and preserve the holding of Batson (that [‘pjurposeful racial discrimination in selection of the venire violates a defendant’s right to equal protection,’ 476 U.S. at 86 [1717], ...) and to bolster public confidence in the fairness of our system of justice, 476 U.S. at 87 [1718], ... we agree with Judge Bowen’s dissent that it is necessary to create the suggested additional category under the ‘presumed prejudice’ exception of Strickland.”
The need to remand a case such as this to the circuit court has been fully explained as follows:
“If the appellant’s trial was marred by purposeful racial discrimination, then we must presume he has been denied the very protection the right to trial by jury was intended to secure. We do not know yet whether appellant’s trial was marred by purposeful racial discrimination, because no Batson hearing was held. The cause should, therefore, be remanded for a Batson inquiry and should be procedurally in the same posture as other cases remanded for Batson determinations.”
Yelder v. State, 575 So.2d 131, 137 (Ala.Cr.App.1990), rev’d in part, 575 So.2d 137 (Ala.1991) (Bowen, J., dissenting) (emphasis original).
The state’s unexplained use of 8 of 9 peremptory challenges to effectively remove all black venirepersons from the jury presents facially a prima facie case of purposeful racial discrimination. Because in the absence of a Batson hearing we are unable to determine whether Taylor’s trial was “marred” by purposeful racial discrimination, we must remand this cause to the circuit court for such a hearing. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this Court at the earliest possible time within 60 days of the release of this opinion. The parties, of course, do not relinquish their respective positions regarding the other issues raised on appeal, and this Court reserves comment on those issues until the trial court complies with the directions contained herein and until a proper return is made to this Court.
REMANDED WITH DIRECTIONS.
All Judges concur.

. On September 18, 1991, the trial court held a hearing to inform Taylor that his retained counsel had withdrawn from his representation and that he needed to secure new counsel. On October 9, a plea bargaining hearing was held at which Taylor was represented by new counsel. The trial court informed Taylor that his case would be set for the week of November 12. The record reveals that on November 7 this counsel filed a motion to withdraw, asserting that he had been retained only for the purposes of the October 9 hearing, that Taylor had informed him that he was going to employ other counsel for trial, and that Taylor subsequently had informed him that he had obtained other counsel. On November 13, the day of trial, Taylor informed the court that he had been unable to secure representation and he sought a continuance. He indicated that he had attempted to secure representation "all day Thursday [and] all day Friday,” but that he had been unsuccessful. The court denied Taylor's motion for a continuance, stating: "Mr. Taylor, you were advised back sometime in September [that] you would have to hire a lawyer or to represent yourself, [that] the case would not be continued. I’m not going to continue the case ... [Y]ou’re representing yourself this morning."

. Taylor's assertion in his motion for a new trial that Odom "was not present in court when the jury was qualified [and] was not present when the jury was given voir dire by the Court" is supported by the record.