ON RETURN TO REMAND
PATTERSON, Presiding Judge,
This court remanded this cause to the trial court to hold a hearing pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because the appellant’s trial counsel was ineffective for failing to raise a Batson claim at trial. See Taylor v. State, 598 So.2d 1056 (Ala.Cr.App.1992). In lieu of a hearing, the appellant and the state entered into a stipulation of fact, adopted by the trial court, which reads, in pertinent part, as follows:
“3. The State of Alabama and the Appellant, W.A. Taylor, Jr. stipulate and agree that if a hearing were held the State of Alabama could satisfy the Court by providing race neutral reasons for the State’s strikes of jurors 4, [O.S.]; 17, [J.L.B.]; 28, [W.J.]. The State of Alabama and the Appellant, W.A. Taylor, Jr., stipulate and agree that if a hearing were held the State of Alabama could not provide race neutral reasons as required by Batson v. Kentucky, 476 U.S. 79 [106 S.Ct. 1712, 90 L.Ed.2d 69] (1986), for jurors 10, [R.R.J; 11, [T.J.J; 19, [H.J.B.J; [and] 21, [S.K.] of its peremptory strikes in selection of the jury in this matter.” (emphasis added).
Because the failure to provide a race-neutral reason for the strike of one black veniremember mandates the reversal of a case, see Ex parte Bird, 594 So.2d 676, 683 (Ala.1991) (“one unconstitutional peremptory strike requires reversal and a new trial”), the judgment is reversed, and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.