COBB, Judge.
The appellant, David Dinkins, was convicted of robbery in the first degree. He was sentenced as a habitual felony offender to life in the penitentiary. Two issues are raised on appeal.
I
Appellate counsel filed a motion for a new trial pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992). The motion alleged that appellant’s trial counsel was ineffective for failing to make a timely Batson objection to the *303 State’s use of peremptory strikes. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Trial counsel’s Batson motion was correctly ruled untimely by the trial court because it was made after the jury had been selected and sworn. Jordan v. State, 607 So.2d 333, 334 (Ala.Cr.App.1992). To support his Jackson motion, appellant’s counsel submitted the affidavit of the appellant’s trial counsel. The affidavit asserted the following undisputed facts:
“The jury venire contained twenty-eight (28) members of which eight (8) were black. The State exercised eight (8) strikes, six (6) of which were used to remove blacks from the jury. Four (4) of these strikes of black members by the State were exercised against members of the venire who had been arrested or who had close family members who had been arrested but the State did not strike J.J., a white member of the jury venire who also had a prior arrest for criminal conduct. The other two (2) members of the black venire struck by the State answered no questions on voir dire and have nothing in common except membership in a minority race.”
Supp.R. 11.
Appellate counsel argues that a prima facie case of racial discrimination in the State’s jury selection existed and that a timely objection at trial would have shifted the burden to the State to “show the race neutral reasons as to why [the prosecutor] struck the particular members of the venire that he did strike.” Supp.R. 3. He requested that the State “be allowed to [give its reasons] in view of the affidavit and motion that we have filed.” Supp.R. 3. The State responded that the appellant had failed to meet his burden of showing that the State had engaged in a “systematic pattern of exclusion of members of a protected class.” Supp.R. 4. Furthermore, according to the State, under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the appellant had failed to show that trial counsel’s failure to object was beyond an objective standard of reasonableness and that the appellant had suffered prejudice by the failure to object. After hearing the State’s response, the trial judge denied the appellant’s motion for a new trial, stating: “I think the issue is just this narrow as to whether or not an attorney who fails to make a timely Batson objection is guilty of ineffectively assisting his Defendant. I think that’s the question right there. Overrule and deny the motion for a new trial.” Supp.R. 6.
In “Ex parte Yelder, 575 So.2d 137 (Ala. 1991), ... our supreme court carved out an exception to the Strickland v. Washington ... requirement that prejudice be affirmatively proved by holding that ‘the failure of trial counsel to make a timely Batson objection to a prima facie case of purposeful discrimination by the State in the jury selection process through its use of peremptory challenges is presumptively prejudicial to a defendant,’ 575 So.2d at 139.” Winchester v. State, 580 So.2d 749 (Ala.Cr.App.1991).
Therefore, the question posed in determining whether remand is appropriate is whether the appellant has shown a prima facie case of purposeful discrimination existed. Here, the appellant, through his trial counsel’s affidavit, hás done this. Ex parte Branch, 526 So.2d 609, 623 (Ala.1987), stated that a challenging party may establish a pri-ma facie case of discrimination by showing “a pattern of strikes against [jurors of a certain race] on a particular venire; e.g., 4 of 6 peremptory challenges were used to strike blacks.” The appellant has shown that the State used 6 of its 8 peremptory strikes to remove 6 of 8 black veniremembers. However, “[m]erely showing that the challenged party struck one or more members of a particular race is not sufficient to establish a prima facie case.” Edwards v. State, 628 So.2d 1021 (Ala.Cr.App.1993). In Ashley v. State, 606 So.2d 187, 192 (Ala.Cr.App.1992), the State used 3 of its 7 strikes to remove blacks from the venire. This court stated that the “appellant failed to establish a prima facie case under Batson and Ex parte Branch because the appellant failed to show any evidence of discrimination other than the number of blacks struck.” Here, in addition to numbers, the appellant has shown “disparate treatment of members of the jury venire with the same characteristics, or who answer a question in the same manner.” Branch, *304 526 So.2d at 623. It is undisputed that: “[flour (4) of these strikes of black members by the State were exercised against members of the venire who had been arrested or who had close family members who had been arrested but the State did not strike J.J., a white member of the jury venire who also had a prior arrest for criminal conduct.” (Supp.R. 11.) The appellant also showed that some of the “jurors in question sharefd] only this one characteristic — their membership in the group — -and that in all other respects they [were] heterogeneous as the community as a whole.” Branch, 526 So.2d at 623. Here, it was undisputed that “[t]he other two (2) members of the black venire struck by the State answered no questions on voir dire and have nothing in common except membership in a minority race.”
“Under our Batson jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination.” Burkett, Superintendent, Farmington Corrections Center v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). Here, the State argued that a prima facie case of purposeful racial discrimination had not been established and therefore did not offer any explanations for the strikes. The ruling of the trial court appears to be based on the erroneous belief that the appellant was required under Strickland to show prejudice. However, trial counsel’s failure to make a Batson motion creates a presumption of prejudice. Yelder, supra. Here, there existed sufficient evidence of purposeful racial discrimination on the part of the State in exercising its peremptory strikes to sustain a timely raised Batson objection at trial. The trial court erred in refusing to require the State to present its reason for its peremptory strikes.
Accordingly, this case is remanded with the directions that the trial court conduct a second hearing on the appellant’s motion for a new trial at which the State must present race-neutral reasons explanations for its peremptory strikes. A failure to do so will require the trial court to grant the motion for a new trial. The transcript of the proceedings and the trial court’s written findings should be submitted to this court. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 90 days of the release of this opinion.
II
Although this case must be remanded for the reasons discussed above, in the interest of judicial economy, we will address the appellant’s second issue. The appellant was convicted of first degree robbery of a Shoe City retail shoe store. The appellant contends that the trial court erroneously refused to delete those portions of the appellant’s pre-trial statement to police officers in which he admitted that he had previously been arrested for first degree robbery of another Shoe City shoe store. An essential element of robbery is felonious intent. Ex parte Beverly, 497 So.2d 519 (Ala.1986). *305 Hinton v. State, 632 So.2d 1345 (Ala.Cr.App.1993).
*304 “ ‘If an accused is charged with a crime that requires a prerequisite intent, ... then prior or subsequent criminal acts are admissible to establish that he had the necessary intent when he committed the instant crime.’ Jones v. State, 439 So.2d 1308, 1310 (Ala.Cr.App.1983) (emphasis [omitted]). See also Rogers v. State, 630 So.2d 88 (Ala.1992.) (subsequent collateral offenses admissible, in connection with evidence of flight, to prove consciousness of guilt); McKenzie v. State, 250 Ala. 178, 33 So.2d 488, 489-90 (1947) (subsequent collateral offense admissible to prove intent); Johnson v. State, 242 Ala. 278, 5 So.2d 632, 634-35 (1941) (subsequent collateral offense admissible to prove identity), cert. denied, 316 U.S. 693 [62 S.Ct. 1299, 86 L.Ed. 1763] (1942); Hayes v. State, 384 So.2d 623, 626 (Ala.Cr.App.1979), cert. quashed, 384 So.2d 627 (Ala.1980) (subsequent collateral offense admissible to prove intent and identity).”
*305 The evidence was properly submitted to the jury over the appellant’s objection.
This cause is remanded in order for the court to comply with the directions set out in part I of the opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.

 Note from the reporter of decisions: On May 10, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On August 23, 1996, that court denied rehearing, without opinion.