ROBERTSON, Justice.
The appellant, Eugene Miller, was indicted, tried and convicted of the crime of armed robbery in the Circuit Court of Union County, Mississippi. He was sentenced to serve a term of 12 years in the State penitentiary.
The appellant and two companions, Andrew Nelson Milsap and Willie Pryor, had driven down from Kansas City, Missouri to Tupelo, Mississippi in his Cadillac convertible. Milsap had relatives in Tupelo, Mississippi and the three of them spent the night of September 25, 1968 with Milsap’s grandmother in Tupelo. On the morning of September 26, 1968, appellant and his two companions ate breakfast about 8:00 A.M. in Tupelo and then left Tupelo for New Albany ostensibly to visit other relatives of Milsap. With Milsap, a former resident of Mississippi, driving appellant’s car, they proceeded to Littlejohn’s Grocery, which is between Tupelo and New Albany.
Milsap and Miller went into the grocery store owned by Howard Littlejohn; Pryor remained in the car. Miller shopped for two cans of soup and a box of crackers and gave Mr. Littlejohn a $1.00 bill to pay for this. When Littlejohn opened the cash register to get change for Miller, Milsap drew a pistol, pointed it at Littlejohn and demanded the money in the cash register. Littlejohn gave Milsap the money in the cash register and when he demanded more, Littlejohn took out money from his billfold and handed it to Milsap. He gave him a total of $396.00.
An elderly gentleman, Fred Sloan, was in the store with his grandnephew, a lad four years old. Appellant Miller grabbed Sloan by the arm and forced him and his grandnephew to go behind a partition and sit down on the floor. After thus disposing of Sloan, appellant grabbed Littlejohn by the arm and forced him into an empty cooler room, which was being used as a storeroom, and ordered him to stay in there ten minutes. When a candy salesman was seen approaching the grocery, Milsap *179 ordered Sloan to walk with them to the door of the store and Milsap and the appellant made their exit.
The appellant got on the back seat of his car and Milsap drove. Milsap tossed the pistol and money to the appellant on the back seat and told him to hide it. About thirty minutes later appellant’s car was stopped by a highway patrolman, the money recovered, the pistol taken, and the three occupants of the car arrested.
At the trial appellant was definitely and positively identified by both Howard Little-john and Fred Sloan. These two witnesses described in detail the active part that the appellant played in this armed robbery.
Honorable Michael D. Kinomos, an attorney of Kansas City, Missouri, with some 40 years experience as an active practitioner, was employed by the appellant’s parents to represent him at the trial. He came to Mississippi and did represent appellant at the trial. A Mississippi lawyer, Roy O. Parker, of Tupelo, Mississippi, represented the appellant in his appeal to this Court. One of the assignments of error was that the appellant was represented at the trial by an out-of-state attorney and that because this lawyer did not know Mississippi procedure that appellant had inadequate assistance of counsel.'
In his brief, Mississippi counsel for appellant opened his argument with this statement :
“Appellant is not an indigent Defendant and he did hire counsel who probably is well qualified in the State of Missouri to practice Criminal Law.”
A careful reading and study of the record convinces us that Mr. Kinomos is a lawyer of extensive trial experience and that he was diligent, intelligent and skillful in his representation of the appellant. His trial tactics and strategy were sound and reasonable. The Supreme Court of the United States and Court of Appeals (Fifth Circuit) have ruled that parents are not free to send their children to the neighborhood school of their choice. They have not yet ruled that a litigant cannot choose and select an attorney to represent him in court. An accused who retains his own attorney waives his right to complain of his council’s competency. Ford v. State, 210 So.2d 33 (Fla.App.1968); 21 Am.Jur.2d Criminal Law § 315 (1965).
The appellant complains of State’s Instruction Number Two. There is no error in this instruction. In fact this instruction is more favorable to the appellant than it is to the State. We'have considered this instruction along with the other instructions given. When read together these instructions correctly state the law as applied to the facts of this case.
The record clearly shows that the appellant was a principal and actively participated in the commission of the crime of armed robbery. The judgment of the Circuit Court is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, PATTERSON and SMITH, JJ., concur.