412 So.2d 1184 (1982)
Alvin CULBERSON
v.
STATE of Mississippi.
No. 50802.
Supreme Court of Mississippi.
April 21, 1982.
Albert Sidney Johnston, Jr., Biloxi, for appellant.
Bill Allain, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
*1185 En Banc.
SUGG, Presiding Justice, for the Court:

ON PETITION FOR WRIT OF ERROR CORAM NOBIS
Petitioner has twice been convicted of capital murder and sentenced to death. On his first appeal, Culberson v. State, 348 So.2d 1025 (Miss. 1977) his conviction was reversed because he was not given a bifurcated trial as required under our decision in Jackson v. State, 337 So.2d 1242 (Miss. 1976). On the second appeal, Culberson v. State, 379 So.2d 499 (Miss. 1979) Culberson's conviction and sentence of death was affirmed with three justices dissenting on the sentencing phase.
Culberson was convicted primarily on the testimony of his co-defendant, Alvarese Pittman, who testified that he and Culberson met in a restaurant on January 31, 1975 and planned a robbery. They left the restaurant seeking the victim, and as they walked along the highway Culberson picked up a table leg. The victim left a place of business and moved toward his truck which was parked nearby and as the victim passed Pittman and Culberson, Culberson hit him on the back of the neck with a stick intending to render the victim unconscious. The victim fell to the ground, begged for help, whereupon Culberson pulled out a pistol and shot the victim.
Nearby witnesses heard the shot, saw the two defendants fleeing, were able to describe their appearance and clothing, but could not identify either Pittman or Culberson. At the first trial Culberson attempted to establish an alibi by the testimony of his girl friend and another witness. The alibi witnesses did not testify at the second trial, but did testify on the motion for a new trial.
In the latter case Culberson assigned as error that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. His claim of denial of effective counsel was predicated on the refusal of his counsel to permit him to testify. In disposing of this assignment of error, we stated:
Here, appellant's counsel intentionally kept Culberson off the stand, not an unwise trial tactic it would seem, in view of appellant's several prior convictions which could have been exposed had he become a witness.
Culberson's family retained an attorney of considerable trial experience and good judgment to represent him. We have previously held that one who retains his own attorney waives his right to complain of his competency. Rogers v. State, 307 So.2d 551 (Miss. 1975); Miller v. State, 231 So.2d 178 (Miss. 1970). We think this particularly true when, as here, the record discloses competent representation on behalf of the defendant. (379 So.2d at 505, 506)
We followed the rule that one who retains his own attorney waives his right to complain of the competency of the attorney. However, since our decision, the United States Supreme Court in Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) held there was no basis for drawing a distinction between retained and appointed counsel in the following language:
A proper respect for the Sixth Amendment disarms petitioner's contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel. We may assume with confidence that most counsel, whether retained or appointed, will protect the rights of an accused. But experience teaches that, in some cases, retained counsel will not provide adequate representation. The vital guarantee of the Sixth Amendment would stand for little if the often uninformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protection. Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own *1186 lawyers. (466 U.S. at 344, 345, 100 S.Ct. at 1716, 64 L.Ed.2d at 344)
The rule announced in Cuyler has been followed in the Fifth Circuit in the case of Washington v. Watkins, 655 F.2d 1346 (1981).
On the motion for a new trial Culberson testified on direct examination as follows:
Q. Directing your attention to 31 January, 1975, in which the State charges that the Potato Chip man was killed or murdered?
A. Yes, sir.
Q. You have had two cases already, previous trials on the merits of the case, is that right?
A. That's right.
Q. The second one was after it was returned from the Supreme Court, are you aware of that?
A. Yes, sir.
Q. Have you ever taken the stand in your own defense in either of these two cases?
A. No, I haven't.
Q. Have you desired to take the stand in your own defense?
A. Yes, I have.
Q. Did you discuss it with your lawyer?
A. Yes, I did.
Q. Why did you not take the stand?
A. The first time he told me it wasn't necessary, and the second time he said "well, just hold on," and I never did get a chance to talk.
The state introduced the attorney who represented Culberson as a witness on the motion for a new trial, but did not ask him if Culberson requested to testify in the case. In view of the holding in Cuyler v. Sullivan, supra, we conclude that Culberson is now able to raise the question of the effectiveness of his retained counsel to ascertain if Culberson told his attorney he wanted to testify either at the guilt phase or the sentencing phase of his trial.
Article 3, section 26 of the Mississippi Constitution of 1890 provides the following:
In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both, to demand the nature and cause of the accusation, to be confronted by the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed; and he shall not be compelled to give evidence against himself; but in prosecutions for rape, adultery, fornication, sodomy or crime against nature the court may, in its discretion, exclude from the courtroom all persons except such as are necessary in the conduct of the trial.
Section 26 gives an accused the right to testify in his own behalf. The denial of the right of an accused to testify is a violation of his constitutional right regardless of whether the denial stems from the refusal of the court to let a defendant testify as in Warren v. State, 174 Miss. 63, 164 So. 234 (1935), or whether the denial stems from the failure of the accused's counsel to permit him to testify.
The question remains unanswered in the record before us as to whether Culberson's attorney prevented him from testifying. Accordingly, we grant the petition for a writ of error coram nobis and remand the case for an evidentiary hearing to determine whether Culberson told his attorney he wanted to testify as a witness in his own behalf and whether the attorney disregarded the request and refused to permit Culberson to testify at either the guilt phase or the sentencing phase of his trial.
We suggest to the trial judges of the state that, in any case where a defendant does not testify, before the case is submitted to the jury, the defendant should be called before the court out of the presence of the jury, and advised of his right to testify. If the defendant states he does not wish to testify, he may not be forced to take the stand; however, if he states that he wants to testify he should be permitted to do so. A record should be made of this so that no question about defendant's waiver *1187 of his right to testify should ever arise in the future.
We have considered the other grounds of the writ of error coram nobis and are of the opinion that no evidentiary hearing should be held except on the narrow question heretofore authorized. The petition for writ of error coram nobis is granted.
GRANTED.
PATTERSON, C.J., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.