445 So.2d 844 (1984)
Lynn SHELTON
v.
STATE of Mississippi.
No. 54075.
Supreme Court of Mississippi.
February 22, 1984.
*845 James H. Herring, Herring & Self, Canton, for appellant.
Bill Allain, Atty. Gen. by Bill Patterson and Anita Mathews Stamps, Sp. Asst. Attys. Gen., Jackson, for appellee.
Before BROOM, P.J., and HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
Lynn Shelton was indicted by the Grand Jury of Lowndes County, Mississippi, at the November, 1981 term. That indictment charged him with abusing Kenneth Shelton, a nine month old child, in violation of § 97-5-39 Miss. Code Ann. (1972) as amended. From a verdict of guilty and a sentence of eighteen (18) years in the custody of the Mississippi Department of Corrections, Shelton now brings this appeal.
At trial the state introduced testimony of several doctors who had treated Kenneth Shelton for various and sundry injuries. Among those injuries were two separate incidents in which a bone in the left leg of the child was broken, and an incident where a pacifier was lodged in the child's throat. There was also testimony by Beverly Hines, who had baby-sat for the child. She testified that during the time in which she was baby-sitting there was always something unusual about the child. She stated that she noticed bruises, scratch marks, burns on the child's chin, cuts on his lip, and on one occasion a closed handprint on the child's face.
Testimony of Doctors Voller, Simmons, and Rhea was that the break of the child's leg was of a spiral or twisting nature and that such a break was unusual in non-ambulatory patients such as the child here. Drs. Voller and Simmons testified that the mother gave no reason for the fracture. Moreover, Dr. Rhea testified that the reason given by the mother for the second fracture was inconsistent with the type injury involved. Shelton's mother-in-law testified as to his treatment of the child. She stated that he would slap the baby's hand for putting it in its mouth, feed the baby too fast, push the baby's nose until it cried, and that after the child had sustained one of the breaks, while it was in traction in the hospital, Shelton would take the traction *846 ropes and raise and lower the child with them. There is also testimony from the child's mother that Shelton was jealous of the child. Shelton's wife testified that she told the grand jury she would not feel safe if she had to leave the baby with him.
Shelton's first assignment of error is that the indictment is insufficient in that it fails to specify the date on which the offense was committed since time is of the essence in this case. It is contended that inasmuch as the state's evidence presented the jury with two separate and distinct instances in which the femur bone of the child's left leg was fractured, the first occurring March 22, 1981, and the second September 20, 1981, the indictment was defective for two reasons. First, it is asserted that the lack of specificity caused the indictment to be improperly duplicitous. The pertinent part of the indictment reads as follows:
Lynn Shelton late of the county aforesaid, on or about the 22nd day of March, 1981 in the county aforesaid, to September 20, 1981, and in between said dates, did willfully, unlawfully, feloniously and intentionally, and not in self defense and not in order to prevent bodily harm to a third party, abused Kenneth Shelton, a nine (9) month old child, in such a manner so that the femur bone of said child was fractured contrary to § 97-5-39 Miss. Code Ann. (1972) as amended.
It has long been the rule in Mississippi that an objection to an indictment for duplicity cannot be made after the verdict. Wilkinson v. State, 77 Miss. 705, 27 So. 639 (1900). Even the Mississippi Code requires that an objection to an indictment must be taken by demurrer prior to the jury being empaneled. Section 99-7-21 Miss. Code Ann. (1972).
In the instant case Shelton filed a motion before trial to make the indictment more definite and certain; however, the record does not indicate that this motion was ever ruled on. The rule in this state is that where the record fails to indicate that a demurrer to an indictment was ever ruled upon by the trial court, then said motion will be considered waived or withdrawn. Sherrod v. State, 90 Miss. 856, 44 So. 813 (1907); Boatwright v. State, 143 Miss. 676, 109 So. 710 (1926).
Shelton's second assignment of error is that the trial court erred when it gave oral instructions to the jury, commented on the testimony and weight of the evidence, commented on the defendant's right not to testify, then commented on the testimony of Mrs. Beverly Hines. Review of the record reveals that none of the statements complained of were objected to by defense counsel. As to the instructions, it has long been the rule in this state that error in giving of instructions will not be considered on appeal where the record of the proceedings below reveals no contemporaneous objection. Goss v. State, 413 So.2d 1033 (Miss. 1982); Warren v. State, 369 So.2d 483 (Miss. 1979); Pittman v. State, 297 So.2d 888 (Miss. 1974). Also, Rule 42 of the Mississippi Supreme Court provides that "No assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court ..."
As to the remarks of the trial judge during the testimony of Beverly Hines again, the record indicates that no objection was made by defense counsel. In Baker v. State, 327 So.2d 288 (Miss. 1976), we held:
An objection to the testimony of a witness, conduct of opposing counsel or a remark of the court should be made contemporaneously with the occurrence or matter complained of so that the court may, when possible, correct the error with proper instructions to the jury.
327 So.2d at 292, 293.
Shelton's next assignment of error is that the court erred in allowing his wife to testify against him and in allowing the district attorney to cross-examine her as an adverse witness. Again, we note that defense counsel failed to make the proper objection during the course of the trial. However, even had the objection *847 been made, § 13-1-5 Miss. Code Ann. (Supp. 1983) provides as follows:
Husbands and wives may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. Either spouse is a competent witness and may be compelled to testify against the other in any criminal prosecution of either husband or wife for a criminal act against any child, for contributing to the neglect or delinquency of a child, or desertion or nonsupport of children under the age of sixteen (16) years, or abandonment of children. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both.
Therefore, it is clear that there is no spousal immunity in a prosecution for child abuse.
Shelton also argues in his third assignment of error that the cross-examination of his wife during a voir dire of her, out of the presence of the jury, was improper because the district attorney did not follow the guidelines of Gardner v. State, 368 So.2d 245 (Miss. 1979), in attempting to impeach her. Those guidelines require that before a party impeaches a witness introduced by himself he must first show that the witness is unexpectedly hostile. The witness may then be asked if he has made contradictory statements out of court, the times, places and circumstances of the statements being described to him in detail. In the instant case those requirements were sufficiently met because it was quite evident that the prior inconsistent statements about which the district attorney was questioning the witness were those statements given by the witness to a Lowndes County Grand Jury on a day certain.
Shelton's next assignment of error is that the trial court erred in not advising him, outside the presence of the jury, of his right to testify on his own behalf. The appellant argues that Culberson v. State, 412 So.2d 1184 (Miss. 1982), requires a trial judge to inform a defendant of his right to testify in his own behalf. In Culberson, we held:
We suggest to the trial judges of the state that, in any case where a defendant does not testify, before the case is submitted to the jury, the defendant should be called before the court out of the presence of the jury, and advised of his right to testify. If the defendant states he does not wish to testify, he may not be forced to take the stand; however, if he states that he wants to testify he should be permitted to do so. A record should be made of this so that no question about defendant's waiver of his right to testify should ever arise in the future.
412 So.2d at 1186, 1187.
Culberson is not dispositive here for two reasons. First, as is apparent from the above quoted excerpt, in Culberson we merely suggested that trial judges inquire into whether or not the defendant desired to testify, and while that suggestion was certainly strong, it was not mandatory. Second, the facts of Culberson and those of the case at bar are distinguishable. In Culberson, the record clearly indicated that on motion for new trial, Culberson stated to the trial judge that he indeed desired to take the stand. In the case at bar, nowhere does the record indicate such a desire to testify by Shelton. Indeed, on motion for a new trial, the failure of the trial court to advise the appellant was not even assigned as error. Therefore, though the better practice undoubtedly is to follow the suggestion of Culberson and to have such advisement appear in the record, inasmuch as Shelton was represented by counsel throughout the proceeding and the record does not reflect any desire by appellant to testify, the failure of the trial court to advise Shelton of his right to testify does not constitute reversible error.
*848 In his fifth assignment of error Shelton contends that he was denied a fair and impartial trial by admission into evidence of prejudicial and irrelevant matters calculated to confuse, mislead and inflame the jury. Essentially Shelton here argues that the state was improperly allowed to present to the jury "Almost a dozen instances of alleged child abuse, each unrelated to the other." This question is settled by our decision in Aldridge v. State, 398 So.2d 1308 (Miss. 1981). In Aldridge, expert oral testimony as well as X-ray evidence was admitted showing fractures of an "infant's" bone inflicted over a "comparatively short period of time" indicating abuse, "extending over almost the entire brief life span of the child." Aldridge at 1311. The age of the infant was not stated, but the opinion does indicate that some of the fractures were "about a month old." Aldridge at 1310. In addressing this point, we stated:
We think this evidence, indicating a series of injuries inflicted upon the child, was properly admitted as an exception to the general rule that evidence of more than one offense cannot be admitted upon the trial of a criminal case. The evidence complained of strongly supports an ongoing, continuing and purposeful course of criminal abuse of the child and tends to negate the idea that the injuries were the result of a fall or other isolated accident. Readus v. State, 272 So.2d 659 (Miss. 1973); Strickland v. State, 209 So.2d 840 (Miss. 1968). The trial court did not err in admitting this evidence.
398 So.2d at 1312.
Though the evidence admitted here transpired over a period of approximately six months, Aldridge remains dispositive. The evidence complained of shows a continuing and purposeful course of criminal abuse of the child. The relevance of the evidence is obvious where, as here, it was needed to negate the testimony of appellant's wife that the injuries were the result of a fall or other isolated accident. Inasmuch as the evidence was admissible to show a continuous and purposeful course of criminal abuse of the child and inasmuch as the evidence was relevant to negate the testimony of the wife that the child's leg was broken as the result of a fall or other isolated incident, appellant's fifth assignment of error is not well taken.
Appellant's sixth and final assignment of error is that the trial court erred in failing to grant his motion for a directed verdict. As has been held many times, in passing upon a motion for a directed verdict, all evidence introduced by the state is accepted as true, together with any reasonable inferences that may be drawn from that evidence, and if there is sufficient evidence to support the verdict, the motion for a directed verdict must be overruled. Bayse v. State, 420 So.2d 1050 (Miss. 1982). Applying this standard to the case at bar it becomes evident that Shelton's final assignment of error is without merit. The testimony of the doctors in combination with that of appellant's wife and mother-in-law are sufficient to support the jury verdict.
Based on all of the foregoing, appellant's conviction of child abuse is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.