823 So.2d 557 (2002)
Willie WALKER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00387-COA.
Court of Appeals of Mississippi.
May 14, 2002.
Rehearing Denied July 30, 2002.
*560 William L. Bambach, Columbus, attorney for appellant.
Office of the Attorney General by Charles W. Maris Jr., attorney for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. In the Circuit Court of Monroe County, Willie Walker was convicted of the crime of sale of cocaine. Walker was denied his motion for judgment notwithstanding the verdict or in the alternative a new trial. Aggrieved, Walker appeals his conviction raising the following issues as error:
I. WHETHER WALKER WAS NOT ALLOWED TO TESTIFY OR ADVISED THAT HE HAD A RIGHT TO TESTIFY.
II. WHETHER THE VERDICT WAS THE RESULT OF PREJUDICE, BIAS, OR EMOTION CREATED BY IMPANELING A JURY COMPOSED OF PERSONS WHO WERE NOT HIS PEERS OR OF THE SAME RACE.
III. WHETHER THE ALLEGED BREAKS IN THE CHAIN OF CUSTODY RENDERED THE EVIDENCE INADMISSIBLE.
IV. WHETHER WALKER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
V. WHETHER THE ALLEGED CUMULATIVE ERROR AT TRIAL IN THIS CASE REQUIRES THAT THE CONVICTION BE REVERSED.
VI. WHETHER THE TRIAL COURT ERRED IN DENYING WALKER'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE A NEW TRIAL.
VII. WHETHER THE DEFENDANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.
Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On October 21, 1999, officers working with the North Mississippi Narcotics Unit planned and executed an undercover drug buy. At the pre-buy meeting, Officer Keith Vann was wired with a body transmitter and his car was equipped with a video recorder. After the pre-buy meeting, Officer Vann proceeded to the target area where he was approached by an individual. The officer asked the individual where he could obtain some dope. After a short discussion, the individual told him to return after driving around the block a couple of times. Upon Officer Vann's return, the individual approached the vehicle and sold him a substance, later determined to be cocaine, for forty dollars. Two other agents, Donna Franks and Ray Blaylock, performed surveillance of the activity from a distance. Although they were unable to see the actual transaction, they were able to monitor the audio portion of the sale from the body wire.
¶ 3. After the purchase, Officer Vann drove around the neighborhood for a short period of time before he returned to the office for the post-buy meeting. Officer Vann did not come into contact with anyone after the drug buy until Agent Franks approached his vehicle with a packet in which he placed the substance. Agent Franks sealed and marked the packet. On *561 October 28, 2001, Agent Franks delivered the substance to the Tupelo Crime Lab where it was logged into the laboratory records and then placed into the vault until analyzed. The test results verified that the substance was cocaine. After the test was performed, the analyst sealed, initialed, and dated the packet and placed it into the vault for storage until it was picked up for court.
¶ 4. At trial, the video and audio tapes of the drug buy were presented. Officer Vann corroborated the video and identified Walker as the individual on the tape who approached the vehicle and sold him the cocaine. The director and analyst of the Tupelo Crime Lab verified her results that the tested substance purchased from Walker was cocaine. Walker rested without testifying or presenting any witnesses or evidence for his defense.

DISCUSSION

I. WHETHER WALKER WAS NOT ALLOWED TO TESTIFY OR ADVISED THAT HE HAD A RIGHT TO TESTIFY.
¶ 5. Walker claims that he was denied his right to testify and was not informed that he had a right to testify by his counsel or the court. We will address his claim as to the court below and his claim as to his counsel later in Walker's ineffective assistance of counsel assignment of error.
¶ 6. First, we address Walker's claim that he was denied his right to testify. Walker did not testify and we find nothing in the record that suggests he wanted to testify or that he was not allowed to do so by the court or his counsel. Walker also provides no facts other than his own assertions to support this contention. The Mississippi Supreme Court has stated in Mason v. State:
We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.
Mason v. State, 440 So.2d 318, 319 (Miss. 1983). Furthermore, the assertion fails on direct appeal for there is not one word in the present record that even mentions the point. The record reflects that at the conclusion of the prosecution's case, Walker rested without offering any evidence. Nothing suggests that he indicated of record a desire to testify, nor is there any course of proceedings in chambers wherein the court advised him of his right of allocution. See Jaco v. State, 574 So.2d 625, 634 (Miss.1990); Shelton v. State, 445 So.2d 844, 847 (Miss.1984); Culberson v. State, 412 So.2d 1184, 1186 (Miss.1982), affirmed 456 So.2d 697 (Miss.1984). "As the point was not presented in any way, shape, form or fashion at trial, it is not available to [Walker] on [his] direct appeal." Jaco, 574 So.2d at 634.
¶ 7. As to Walker's second assertion that the court failed to inform him of his right to testify, he cites Culberson v. State, 412 So.2d 1184 (Miss.1982), for support. The supreme court in Culberson stated:
We suggest to the trial judges of the state that, in any case where a defendant does not testify, before the case is submitted to the jury, the defendant should be called before the court out of the presence of the jury, and advised of his right to testify. If the defendant states he does not wish to testify, he may not be forced to take the stand; however, if he states that he wants to testify he should be permitted to do so. *562 A record should be made of this so that no question about defendant's waiver of his right to testify should ever arise in the future.
Culberson, 412 So.2d at 1186-87. The Mississippi Supreme Court, in continuance of Culberson, stated in Shelton that trial courts are not required to follow Culberson in their proceedings because they were "merely suggest[ing]" that trial courts inquire whether defendants desire to testify. Shelton, 445 So.2d at 847. Therefore, although the preferred practice is for the trial court to inform the defendant on the record of the right to testify, no legitimate claim of reversible error can be predicated on the trial court's failure in this regard. This assignment of error is without merit.

II. WHETHER THE VERDICT WAS THE RESULT OF PREJUDICE, BIAS, OR EMOTION CREATED BY IMPANELING A JURY ALLEGEDLY COMPOSED OF PERSONS WHO WERE NOT HIS PEERS OR OF THE SAME RACE.
¶ 8. Walker argues that the jury was biased and prejudiced because it was "composed of persons who were not his peers or of the same race." Walker is an African American male and submits that the impaneled jury was entirely of the white race.
¶ 9. It is not the fact that a jury is all white or all black that violates Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986): rather, it is the racially discriminatory use of peremptory challenges to strike jurors. Govan v. State, 591 So.2d 428, 430 (Miss.1991). Additionally, Batson applies only to peremptory challenges and not to excuses for cause. Brown v. Blackwood, 697 So.2d 763, 772 (Miss.1997). The State's strikes were for cause, which expressed race-neutral reasons.
¶ 10. Moreover, Walker made no objection in the trial court, asking the State to articulate race-neutral reasons for their strikes, nor did he object to the final composition of the jury. Furthermore, the record is totally silent regarding the race of any of the jurors.
¶ 11. The Mississippi Supreme Court has ruled this question is not properly preserved for appellate review as the record does not disclose the race of the jurors. Hansen v. State, 592 So.2d 114, 127 (Miss.1991). Furthermore, having failed to raise this issue at trial, Walker may not raise it now on appeal. Smith v. State, 729 So.2d 1191, 1201(¶ 41) (Miss. 1998). Therefore, this assignment of error is procedurally barred from review.

III. WHETHER THE ALLEGED BREAKS IN THE CHAIN OF CUSTODY RENDERED THE EVIDENCE INADMISSIBLE.
¶ 12. Walker argues that the trial court erred in allowing the cocaine into evidence because "there [was] an inference of tampering or substitution of evidence" because "plenty of time" existed before Officer Vann turned the substance over to Agent Franks at the post-buy meeting and asserts that "plenty of time" also existed for Agent Franks to have tampered with or substituted the evidence while it was in her control until she delivered it to the crime lab. Furthermore, he argues that the substance could have been switched or substituted at the laboratory because the analyst, Ms. Ard, never stated that she only performed tests on one substance at a time.
¶ 13. The Mississippi Supreme Court has stated, "[t]here is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to this *563 Court." Clark v. State, 503 So.2d 277, 280 (Miss.1987). The appellant has the duty to make more than mere assertions and should set forth reasons for his arguments and cite authorities in their support. Id. If the party does not provide this support, this Court is under no duty to consider assignments of error when no authority is cited. Drennan v. State, 695 So.2d 581, 585-86 (Miss.1997). Walker has failed to make meaningful arguments or cite pertinent authority other than his mere assertions in addressing this claim. Therefore, we will not address this issue.

IV. WHETHER WALKER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 14. Walker contends that his counsel was deficient because he failed to present a case by declining to make an opening statement and by not calling any defense witnesses. In addition, he alleges other deficiencies in his counsel's performance such as the failure to raise any Batson challenges, the failure to object to the chain of evidence, the failure to advise him that he had a right to testify, and the failure to allow him to testify.
¶ 15. Walker raises this issue on appeal for the first time. However, the procedural bar rule does not apply to claims involving ineffective assistance of counsel. Hall v. State, 735 So.2d 1124, 1126 (¶ 4) (Miss. Ct.App.1999). We have recognized in Colenburg v. State:
[t]he question presented on appeal is not whether trial counsel was or was not ineffective but whether the trial judge, as a matter of law, had a duty to declare a mistrial or to order a new trial, sua sponte on the basis of trial counsel's performance. "Inadequacy of counsel" refers to representation that is so lacking in competence that the trial judge has the duty to correct it so as to prevent a mockery of justice. Parham v. State, 229 So.2d 582, 583 (Miss.1969). To reason otherwise would be to cast the appellate court in the role of a finder of fact; it does not sit to resolve factual inquiries. Malone v. State, 486 So.2d 367, 369 n. 2 (Miss.1986). Read clearly articulates that the method that the issue of a trial counsel's effectiveness can be susceptible to review by an appellate court requires that the counsel's effectiveness, or lack thereof, be discernable from the four corners of the trial record. This is to say that if this Court can determine from the record that counsel was ineffective, then it should have been apparent to the presiding judge, who had the duty, under Parham, to declare a mistrial or order a new trial sua sponte.

Colenburg v. State, 735 So.2d 1099, 1102 (¶ 8) (Miss.Ct.App.1999).
¶ 16. In order for a defendant to prevail on a claim of ineffective assistance of counsel raised on direct appeal, a defendant must show from the record that his counsel's performance was deficient, and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If the appellant does not satisfy both prongs, the appellate court can conclude that the trial court produced a reliable result. Id. The test is applied by giving deference to counsel's performance. Conner v. State, 684 So.2d 608, 610 (Miss. 1996). The appellate court has to consider the totality of the circumstances in order to determine whether counsel's actions were both deficient and prejudicial. Id. The Constitution does not guarantee a right to errorless counsel. Strickland, 466 U.S. at 686, 104 S.Ct. 2052.
¶ 17. In the present case, Walker must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; *564 that is, he must overcome the presumption that counsel's decisions are a result of sound trial strategy. Id. Even if Walker proves that the trial counsel's performance was deficient, he must further "show a `reasonable probability' that, but for counsel's unprofessional errors, a different outcome would have resulted at trial." Id. at 694, 104 S.Ct. 2052. A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. Id. Keeping this test in mind, we review Walker's allegations of ineffective assistance of counsel.

a. Failure to state a case
¶ 18. In Walker's first assertion, citing Moody v. State, 644 So.2d 451 (Miss.1994), for support, he contends that the failure of his counsel to make an opening statement and to call any defense witnesses is evidence of a deficient performance. The facts in this case are distinguishable from those in Moody in that in Moody there were twenty-one instances of a deficient performance which were confirmed by the record. Id. There were also witnesses available in the court room to support the defendant's claimed alibi. "The decision to make an opening statement is a strategic one." Cabello v. State, 524 So.2d 313, 318 (Miss.1988). Just as courts presume that counsel's decisions are strategic, courts are also reluctant to infer from silence a lack of strategy. Leatherwood v. State, 473 So.2d 964, 969 (Miss.1985). In the present case, there has been no showing that declining to give an opening statement was not strategic. Other than his mere assertion, Walker has showed nothing to overcome the presumption that this fell within the range of reasonable assistance and sound trial strategy. Furthermore, he has not shown that if an opening statement would have been given, there would have been a different result at trial.
¶ 19. As to Walker's claim that his counsel was deficient because his counsel did not call any defense witnesses, we are afforded nothing in the present record which begins to suggest that there were in fact witnesses who would have testified favorably to the defense. Unlike the defendant in Moody, Walker did not present an alibi or indicate that there were other witnesses with relevant information on a possible defense. In fact, Walker did not offer any witnesses who could have actually placed him in their presence during the entire time in question.
¶ 20. From the record, we cannot find that trial counsel's performance in this regard was deficient or that Walker suffered any prejudice from this. This assertion is without merit.

b. Failure to raise a Batson challenge
¶ 21. Relying on Triplett v. State, 666 So.2d 1356, 1363 (Miss.1995), Walker claims his counsel's failure to raise a challenge pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) was prejudicial and constituted ineffective assistance of counsel. In Triplett, the Mississippi Supreme Court recognized the Alabama Supreme Court case of Ex Parte Yelder, 575 So.2d 137 (Ala.1991), cert. denied 502 U.S. 898, 112 S.Ct. 273, 116 L.Ed.2d 225 (1991), which held that "counsel's failure to raise the Batson question at trial not only was ineffective, but presumptively prejudicial as well ... [because] counsel was under a duty to make sure that the record included the name, race and gender of the jurors excused peremptorily by the State." Triplett, 666 So.2d at 1362. In the present case, the record does not reflect that any challenges based on Batson were made and counsel did not request the court to make a record *565 of the name, race, and gender of the jurors.
¶ 22. For counsel's performance to be deemed ineffective, Walker must demonstrate that his case was prejudiced by the failure to raise any challenges pursuant to Batson. To establish that, Walker must show that he was part of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race for the purpose of excluding them on account of their race. Batson, 476 U.S. at 96.
¶ 23. Walker makes no attempt to demonstrate that the State exercised its challenges in a racially-discriminatory manner. Our reading of the record indicates that the challenges were for cause in which race-neutral reasons were expressed and neither side used any peremptory challenges. After stating their non-discriminatory reasons to strike the potential jurors for cause, a Batson challenge would have been redundant and fruitless. "The decision to make or not make a Batson challenge falls within trial counsel's trial strategy and the wide latitude given him, to which appellate courts must defer." Hall v. State, 735 So.2d 1124, 1128 (¶ 12) (Miss.Ct.App.1999). There being no prima facie case of purposeful discrimination, Walker's counsel's failure to object to the State's challenges for cause can hardly be said to be presumptively prejudicial.
¶ 24. Furthermore, we reject Walker's reliance on Triplett. In Triplett, ineffective assistance of counsel was found because there was a combination of errors. The finding that the failure to raise a Batson challenge contributed to Triplett's ineffective counsel was based on the reasoning that "counsel's failure to challenge a single prospective juror ... strongly suggest[ed] no preparation in the selection of the jury." Triplett, 666 So.2d at 1361-62. In the present case, Walker's counsel challenged for cause prospective jurors and objected to one of the State's challenges for cause. In addition, the State in the present case did not exercise any peremptory challenges, where in Yelder the authority recognized as a factor for the finding of ineffective assistance of counsel in Triplett, the State had used its peremptory challenges to strike seventeen of eighteen African American jurors. Yelder, 575 So.2d at 137.
¶ 25. In addition, the record is silent as to the racial composition of the jury. Therefore, we are unable to conclude that a Batson challenge was warranted and if so, whether the failure to make one was prejudicial to Walker and such performance was obvious to the trial judge to declare a mistrial. Therefore, this assertion is without merit.

c. Failure to advise Walker of his right to testify or failure to allow Walker to testify
¶ 26. In Walker's third assertion, he claims that his attorney did not advise or allow him to testify. As to Walker's first claim, the record does not support Walker's claim that he was not informed by his counsel of his right to testify. The record only reveals that after Walker's motion for directed verdict had been denied, the trial court granted a recess in order for counsel to confer with Walker about his defense witnesses. The evidence in the record that defense counsel conferred with Walker concerning defense testimony is more persuasive than this after-the-fact assertion that he would have testified. See Bracey v. State, 724 So.2d 1028, 1033 (¶ 28) (Miss.1998). As previously noted, "[f]acts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." *566 Mason v. State, 440 So.2d 318, 319 (Miss. 1983). From the record and considering the totality of the circumstances, Walker does not overcome the presumption that his counsel informed him of his right to testify.
¶ 27. As to Walker's claim that he "was not allowed to testify on his own behalf," again, there is nothing in the record to suggest that Walker was prevented from taking the stand. The issue of being denied the right to testify was addressed in Walker's first assignment of error. There is a difference between being prevented from taking the stand in one's own behalf and receiving the advice of counsel that this would be an inadvisable move and accepting that advice. Therefore, in this assertion we construe Walker's statement that he "was not allowed to testify" from the point of view that his counsel advised him not to testify.
¶ 28. In the present case, as the State points out in its argument, if Walker had chosen to testify it could have had an adverse effect. There are no doubt times when it would be folly for the defendant to take the stand, and counsel who failed to advise of such would be derelict if not ineffective. Jaco v. State, 574 So.2d 625, 636 (Miss.1990). The jury had already heard the tape recording of the drug sale and the testimony of Officer Vann that the seller of the dope stuttered. If Walker took the stand, the jury would have been able to compare the voice on the tape with that of Walker. In his mere assertion, Walker has not overcome the presumption that his counsel's decision was a result of sound trial strategy. Strickland, 466 U.S. at 686, 104 S.Ct. 2052. On the limited record we have, on this assertion, we cannot conclude that trial counsel was deficient or that prejudice resulted.

d. Failure to object to the chain of evidence
¶ 29. In Walker's fourth assertion of ineffective counsel, he claims that his counsel "failed to stop the drugs from being admitted into evidence where there was a break in the chain of evidence." As noted previously, this claim is based on the unsupported premise that there was a break in the chain of custody and is without merit. Absent any meaningful argument, this Court is not obligated to entertain an assignment of error. Baine v. State, 604 So.2d 249, 255 (Miss.1992).
¶ 30. In conclusion, as to this assignment of error of ineffective assistance of counsel, "[i]t is clear that [Walker's] claim here flunks the prejudice test. A fundamental reason why no prejudice can be demonstrated in this case is that it is clear from the record that [Walker] is hopelessly guilty." Ward v. State, 461 So.2d 724, 727 (Miss.1984). The State's case against Walker was overwhelming because the sale of cocaine was presented to the jury via video and audio tape and because Officer Vann corroborated the recording and identified Walker as the man on the tape who sold him the dope. This overwhelming evidence of guilt makes the determination by the jury in this case thoroughly reliable. Furthermore, the alleged errors of trial counsel were not so serious as to deprive Walker of a fair trial, a trial whose result was reliable. Strickland, 466 U.S. at 711, 104 S.Ct. 2052. Walker has failed to demonstrate from the record that his counsel was deficient from which he was prejudiced such that the trial court was required, sua sponte, either to declare a mistrial or to grant a new trial. This assignment of error is without merit.

V. WHETHER THE ALLEGED CUMULATIVE ERROR IN THIS CASE REQUIRES REVERSAL.
*567 ¶ 31. Walker contends that the "impact of cumulative error" served to deny him a fair trial. We find that this issue has no merit in that Walker has failed to prove any reversible errors which he has cited on the part of the trial court or that those errors served to prejudice his case. Nicolaou v. State, 612 So.2d 1080, 1084 (Miss.1992). Furthermore, Walker did not raise this issue at the trial level and as such, we cannot entertain it at the appellate level. Maldonado v. State, 796 So.2d 247, 260 (¶ 42) (Miss.Ct.App.2001). "A trial judge cannot be put in error on a matter which was not presented to him for decision." Moawad v. State, 531 So.2d 632, 634 (Miss.1988). Therefore, this assignment of error is procedurally barred from review by this Court. Howard v. State, 507 So.2d 58, 63 (Miss.1987).

VI. WHETHER THE TRIAL COURT ERRED IN DENYING WALKER'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE A NEW TRIAL.
¶ 32. Walker contends that the evidence was insufficient to support the verdict and that the overwhelming weight of the evidence favored acquittal because there was an alleged break in the chain of custody of the substance resulting in a "[lack] of proof that the substance tested was in fact a controlled substance." Walker has failed to provide any support for this assertion. As stated previously, "[t]here is a presumption that the judgement of the trial court is correct and the burden is on the appellant to demonstrate some reversible error to this Court." Branch v. State, 347 So.2d 957, 958 (Miss. 1977). In Harris v. State, 386 So.2d 393, 396 (Miss.1980), the appellant assigned as error the trial court's overruling of his motion for new trial and the supreme court held as follows:
"There is no error in this assignment of error. Appellant's six line argument presents no facts nor does he cite any authority. In Ramseur v. State, we said: `[W]here assignments of error are unsupported by argument and authority, the court does not, as a general rule, consider them.' Ramseur, 368 So.2d 842, 844 (Miss.1979)."
Therefore, in the present case, because Walker has failed to make meaningful arguments or cite pertinent authority, we will not address this assignment of error.

VII. WHETHER THE DEFENDANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.
¶ 33. Walker argues that he was denied his right to a speedy trial because his trial was on February 21, 2001, over two hundred and seventy days after his arraignment on March 20, 2000. No pretrial motion to dismiss was filed, and no such motion was ever discussed. The trial proceeded without mention of any speedy-trial problem. This issue is raised for the first time on appeal. In Bell v. State, this Court has held:
[b]ecause delays in bringing a matter to trial may work to the defendant's advantage, we do not consider a claim that the defendant was denied a speedy trial to be a matter of plain error or fundamental error that may be raised for the first time on appeal. Therefore, we find Bell's claim on this issue to be procedurally barred.
Bell v. State, 733 So.2d 372, 376 (¶ 11) (Miss.1999). This assignment of error is procedurally barred from review because it was raised for the first time on appeal.
¶ 34. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY *568 OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED AND FIVE YEARS POST RELEASE SUPERVISION AND FINE OF $5,000 WITH $4,000 SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.