CARLTON, J.,
dissenting:
¶ 23. I respectfully dissent from the majority.
¶ 24. I find the case of Fannings v. Mississippi, 997 So.2d 953 (Miss.Ct.App.2008), relevant to the case at hand.[2] In *37 Fannings, James Arthur Fannings Jr. alleged that the trial court had failed to provide proper advice to him regarding his right to testify and that he had received ineffective assistance of counsel. Id. at 955 (¶ 1). Fannings, in arguing that the trial court erred in failing to advise him of his right to testify or not to testify, cited Culberson v. State, 412 So.2d 1184, 1186-87 (Miss.1982), for the proposition that the defendant shall not be compelled to give evidence against himself; but if he wants to testify, he should be permitted to do so. Id. at 963 (¶ 34). Fannings also pointed to language in Culberson where the Mississippi Supreme Court stated: “A record should be made of this so that no question about [the] defendant’s waiver of his right to testify should ever arise in the future.” Id. (citing Culberson, 412 So.2d at 1186-87). In Fannings, this Court held that because Fannings failed to raise the issue of the right to testify before the trial court or in his post-trial motions, he was procedurally barred from raising the issue on appeal. Id. at (¶ 35). Notwithstanding the procedural bar, the Fannings Court found the issue without merit, as Fannings was clearly advised of his right to testify, and further, “Culberson does not require trial judges to advise a defendant of his right to testify or not; it is merely a suggestion.... ” Id. at 964 (¶ 35) (citing Culberson, 412 So.2d at 1186); see also Shelton v. State, 445 So.2d 844, 847 (Miss.1984) (holding the trial court was not required to give Culberson warnings to the defendant); Scott v. State, 965 So.2d 758, 763 (¶ 25) (Miss.Ct.App.2007).
¶25. In the present case, Spearman, like Fannings, failed to raise the issue of advisement of the right to testify before the trial court either during trial or in his post-trial motions. Furthermore, the record in the present case reflects that the trial judge indeed advised Spearman of his right to testify. Spearman sat silently at trial while his counsel stated to the court that the defense rested. Spearman continued his silence during closing arguments and the giving of jury instructions by the trial court. The post-trial testimony of Spearman’s counsel also reflects that counsel stated that he failed to articulate Spearman’s choice for the record. Spear-man’s counsel testified that Spearman knew of his right and did not exercise it. At the post-trial hearings, Spearman’s counsel explained that Spearman would have voiced his desire to testify if such desire had existed when the defense rested its case and during closing arguments. In accordance with Fannings, I contend that this issue is without merit. The record herein clearly shows that the trial court provided Spearman with his Culberson warnings and that Spearman failed to state his decision or his waiver in words for the record. Spearman sat idly by as his counsel stood and announced that the defense had rested its case and provided closing argument. Therefore, I respectfully dissent and would affirm the trial *38 court’s finding that Spearman was not denied his right to testify.
¶ 26. Furthermore, I find that Fan-nings, 997 So.2d at 964-65 (¶¶ 36-39), speaks to any claim of ineffective assistance of counsel that Spearman may assert. In Fannings, Fannings based his claim of ineffective assistance of counsel on the contention that his counsel should have insisted on Culberson warnings. Id. at 964-65 (¶ 36). The Fannings Court found that Fanning’s claim of ineffective assistance of counsel was without merit, as the Court had already discussed the lack of merit in his issue regarding his right to testify. Id. at 965 (¶ 39).
¶ 27. Spearman, like Fannings, failed to show how, if error, his claim of ineffective assistance of counsel prevented the jury from considering any evidence that would have impacted the outcome of his case. As previously stated, in my view, the trial court fulfilled its duty to advise Spearman of his right to choose to testify or not to testify, and I would find no error herein. However, even if an error occurred in the trial court’s failure to capture Spearman’s election on the record after being informed of the right to testify or not to testify, Spearman has failed to show that reversible error occurred. Spearman has provided no affidavit, proffer of evidence, or evidence post-trial, or otherwise, to show how the outcome could have been impacted by any such claimed error. Spearman’s claim of a Culberson error would, therefore, not survive the Strickland analysis since he failed to make a threshold showing of how any deficiency affected the outcome of his defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶28. Because I assert that Spearman knew of his right to testify or not to testify and that he indeed received sufficient Cul-berson warnings by the trial court, I contend that any claim by Spearman of ineffective assistance of counsel lacks merit. Based upon the foregoing reasons, I respectfully dissent from the majority.
MYERS, J., JOINS THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART.

. I also find that Walker v. Mississippi, 823 So.2d 557, 560 (¶ 1) (Miss.Ct.App.2002), *37 speaks to the issues of the present case. In Walker, Willie Walker likewise alleged error in the trial court’s failure to advise him of his right to testify or not to testify and also claimed that he had received ineffective assistance of counsel. Id. at 560 (¶ 1). This Court first addressed Walker’s assignment of error where he claimed that he was not allowed to testify or advised of his right to testify. Id. at 561 (¶ 6). The Court acknowledged that the record failed to reflect any evidence showing that Walker wanted to testify or that he was not allowed to do so by the court or by his counsel. Id. Furthermore, the Court stated that Walker provided no facts on appeal, other than his own assertions, to support this contention. Id. In addition, the Walker Court found that Walker rested without presenting any evidence and that the record failed to show that Walker had indicated a desire to testify. Id.