# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01721-COA

**DARIUS DENNIS A/K/A DARRIUS DENNIS**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                              APPELLEE

DATE OF JUDGMENT:            11/16/2017
TRIAL JUDGE:                 HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:   WASHINGTON COUNTY CIRCUIT
                             COURT
ATTORNEY FOR APPELLANT:      DARIUS DENNIS (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 06/25/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     Darius Dennis, appearing pro se, appeals the judgment of the Washington County Circuit Court, which denied his motion for post-conviction relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In May 2004, a Washington County grand jury returned a five-count indictment against Dennis and a co-defendant for one count of armed robbery, one count of conspiracy, and three counts of aggravated assault in connection with the December 2003 armed robbery of the McCormick Book Inn in Greenville, Mississippi.  According to the owner of the

bookstore, who was one of the aggravated-assault victims, during the robbery, Dennis put his firearm to the head of two elderly patrons in the bookstore but did not shoot them. After robbing the store, Dennis then fired at the owner of the bookstore, without provocation, missing the owner's head by a short distance. When leaving the scene, Dennis also shot at a vehicle driven by a bystander who was trying to block the robbers.

¶3.    On October 1, 2004, Dennis pleaded guilty to armed robbery, one count of aggravated assault, and manslaughter.[1] At the plea hearing, the prosecutor explained that after robbing the bookstore, the robbers went to the home of Dennis's co-defendant, where several individuals were present. Dennis got into an altercation with one of their friends, who thought the robbers owed him money. Dennis claimed another individual shot and killed the friend but pleaded guilty to the charge anyway because it was in his best interest—if he were convicted of the charge at trial, he could possibly receive life in prison for the crime.

¶4.    At the plea hearing, Dennis was represented by counsel and had already signed the plea petition. However, because Dennis had just been made aware of a new offer that morning, the trial judge determined it would be best to continue the hearing, especially given Dennis had a learning disability, was only twenty years old, and had a seventh-grade education. The continuance would give Dennis time to consider fully the plea offer and discuss it with family members.

---

[1] The manslaughter charge was part of another cause number.

¶5. On October 6, 2004, Dennis came back before the court, and the court accepted his guilty plea. The trial court sentenced Dennis to twenty-five years for the armed-robbery charge, twenty years for the aggravated-assault charge, and twenty years for the manslaughter charge—all in the custody of the Mississippi Department of Corrections with the sentences running concurrently.

¶6. Over twelve years later, on April 18, 2017, Dennis filed a PCR motion claiming ineffective assistance of counsel and judicial misconduct because the trial court and Dennis's attorney refused to require him to undergo a competency examination. Dennis claims he did not understand the plea proceedings and was coerced to plead guilty. A letter from the Director of Special Education dating from November 2016, which was attached to the PCR motion, stated that Dennis was a special education student in the Leflore County School District at some point in time.

¶7. In a detailed order, the trial court denied his PCR motion. The trial court found his motion was excepted from the three-year time limit under *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010), because Dennis claimed his due process rights were violated at sentencing. However, on the merits, the trial court found Dennis failed to present substantial evidence that he was mentally incompetent at the time he entered his guilty plea, and there was no evidence of his incompetency in the record. Accordingly, the trial court found Dennis's counsel was not ineffective for failing to request a competency examination. Finally, the trial court found that Dennis's guilty plea was voluntarily and knowingly given;

thus his due-process rights were not violated. Dennis timely appealed.

## STANDARD OF REVIEW

¶8. The trial court's denial or dismissal of a PCR motion is reviewed for an abuse of discretion. The appellate court will not disturb the trial court's factual findings unless they are clearly erroneous. Questions of law are reviewed de novo. *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008).

## ANALYSIS

¶9. On appeal, Dennis raises two related issues: ineffective assistance of counsel and mental incompetency. Dennis claims his counsel had full knowledge he was "mentally incompetent" yet coerced him into pleading guilty without requesting a competency hearing. Dennis apparently relates his mental incompetency to his lack of education and a learning disability, now claiming he did not understand the implications of his guilty plea. He further argues that the trial court should have required a competency hearing. Dennis maintains that his due-process rights were violated because of this omission, and thus his guilty plea was involuntary.

¶10. Dennis's PCR motion was filed over twelve years after his conviction. Under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Here, Dennis filed his PCR motion in April 2017 challenging his 2004 convictions. The three-year time limit expired in October 2007. However, certain "errors affecting fundamental

4

constitutional rights," which includes the denial of due process at sentencing, are excepted from the PCR procedural bars. *Rowland*, 42 So. 3d at 507 (¶12); *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014).

¶11. The trial court found Dennis's PCR motion was not time barred because it raised due-process violation claims at sentencing that needed to be analyzed. The current trial judge stated he had some concerns regarding whether the prior sentencing judge in 2004 found Dennis competent to enter his guilty plea, whether Dennis was properly advised of his rights, and whether the plea was entered lawfully. After carefully reviewing the motion, plea and sentencing transcripts from 2004, the trial judge issued a detailed ten-page order, however, finding Dennis's claims of mental incapacity, ineffective assistance of counsel, and due-process violations all without merit.

¶12. On appeal, the State does not address the merits of Dennis's claims but merely notes that Dennis's PCR motion is time-barred because Dennis is now making ineffective-assistance-of-counsel and invalid-guilty-plea claims, and neither invoke the procedural bar exceptions under *Rowland*. Apparently, the State does not consider, as the trial court did, that Dennis's due-process claims are excepted from the bar as a fundamental right. The State also argues that Dennis, appearing pro se, does not support his abbreviated arguments on appeal with any legal authority or point to any evidence in the record; thus, his claims are waived for appellate review. M.R.A.P. 28(a)(7).

¶13. It is well established that the appellant must demonstrate reversible error by setting

forth reasons for his arguments and citing authority in their support. If the Appellant does not make meaningful arguments or cite pertinent support, this Court is under no duty to consider his arguments. *Walker v. State*, 823 So. 2d 557, 563 (¶13) (Miss. Ct. App. 2002) (citing *Clark v. State*, 503 So. 2d 277, 280 (Miss. 1987)); *accord Drennan v. State*, 695 So. 2d 581, 585-86 (Miss. 1997). While we disagree with the State that Dennis's PCR claims are procedurally barred, we agree that on appeal Dennis does not set forth any meaningful arguments or authority for this Court to consider and are waived.

¶14. Notwithstanding the waiver, none of his arguments have merit. By continuing the plea hearing, the trial court took every precaution and effort to make sure Dennis understood the terms of his plea agreement in spite of his youth, lack of education, and any alleged learning or emotional disability. "It is a violation of due process to try or convict a criminal defendant who is legally incompetent." *Pitchford v. State*, 240 So. 3d 1061, 1067 (¶30) (Miss. 2017). However, here there was no evidence of any mental incapacity in the record, and Dennis provided none (except the letter stating he had been a special-education student at some point in his schooling). Further, Dennis stated under oath that he understood his guilty plea and its implications, and there was no evidence to the contrary. Such statements made under oath "carry a strong presumption of veracity." *Thomas v. State*, 159 So. 3d 1212, 1216 (¶12) (Miss. Ct. App. 2015). We cannot say the trial court was clearly erroneous in finding Dennis's claims to be without merit.

¶15. Accordingly, we affirm the denial of Dennis's PCR motion.

¶16. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**